IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| DARLENE LYNCH, ) | Civil Action No. 3:08-547-JFA-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| MICHAEL J. ASTRUE, COMMISSIONER ) | |
| OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This case is before the Court pursuant to Local Rule 83.VII.02, et seq., D.S.C., concerning the disposition of Social Security cases in this District. Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claims for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB").

On September 18, 2002, Plaintiff protectively filed her application for DIB benefits. She protectively filed her application for SSI benefits on April 1, 2004. She alleges disability beginning September 4, 2002. On March 17, 2008, the administrative law judge ("ALJ") issued a decision awarding Plaintiff benefits beginning on August 9, 2005, based on a finding that Plaintiff met the criteria of §12.04 A and B of the listing of impairments (20 C.F.R. Pt. 404, Subpt. P, App. 1 ) as of that date. The ALJ denied Plaintiff's claims for benefits for the time period of September 4, 2002 to August 9, 2005. He specifically found that Plaintiff was not disabled prior to August 9, 2005

because, under the medical-vocational guidelines promulgated by the Commissioner (at Rule 201.21), Plaintiff remains able to perform work found in the national economy. See generally 20 C.F.R., Part 404, Subpart P, Appendix 2.

On August 20, 2008, the Commissioner filed a motion for an entry of judgment with order of remand pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff filed a response on September 5, 2008. Although Plaintiff agrees that the Court should enter judgment for Plaintiff with remand for further proceedings, she objects to the expansion of the scope of the proceedings on remand to include redetermination of issues decided in Plaintiff's favor.

Here, the Commissioner has given no reason for disturbing the ALJ's finding that Plaintiff was disabled beginning on August 9, 2005. Therefore the scope of review upon remand should be limited to the period from September 4, 2002 (Plaintiff's alleged onset date) until August 9, 2005 (the date on which the ALJ has found Plaintiff to be disabled). Upon remand, the Appeals Council should be directed to remand the case to an ALJ to hold a de novo hearing and issue a new decision regarding Plaintiff's eligibility for benefits. The Appeals Council should direct the ALJ to obtain evidence from a vocational expert ("VE") to clarify the effect of Plaintiff's nonexertional limitations on the occupational base. The hypothetical questions to the VE should include all mental restrictions established by the record.

## **CONCLUSION**

It is RECOMMENDED that the Commissioner's decision that Plaintiff is disabled beginning August 9, 2005 be affirmed. It is also recommended that the Commissioner's decision that Plaintiff

is not disabled prior to August 9, 2005 be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and the case be remanded to the Commissioner for further administrative action as set out above.



_____
Joseph R. McCrorey
United States Magistrate Judge

February 18, 2009
Columbia, South Carolina