IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darlene Lynch, ) | C/A No. 3:08-547-JFA-JRM |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | **ORDER** |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This is an action brought by the plaintiff, Darlene Lynch, pursuant to sections 405(g) and 1383(c)(3) of the Social Security Act, as amended, to obtain judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein she suggests that the Commissioner's motion for entry of judgment with order of remand be granted in part.

The parties were advised of their right to file objections to the Report and Recommendation. Neither party filed objections to the Report, thus, it appears the matter is ripe for review by this court.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The plaintiff protectively filed her application for DIB benefits on September 18, 2002 and SSI benefits on April 1, 2004. She alleges disability commencing on September 4, 2002. The Administrative Law Judge ("ALJ") issued his decision awarding plaintiff benefits beginning on August 9, 2005. This decision was based on the ALJ's finding that the plaintiff met the criteria of § 12.04 A and B of the listing of impairments as of that date.

However, the ALJ denied plaintiff's claims for benefits for the time period of September 4, 2002 (the date plaintiff alleges she became disabled) up to August 9, 2005 (the date the ALJ set benefits to commence). The ALJ found that plaintiff was not disabled during this period because under the medical-vocational guidelines, plaintiff remains able to perform work found in the national economy.

The plaintiff has responded in partial opposition to the Commissioner's motion for entry of judgment. The plaintiff agrees that the court should enter judgment with remand, but that the scope of proceedings on remand should not include a redetermination of issues already decided in plaintiff's favor. In other words, the plaintiff seeks the have the scope of review upon remand limited to the period of September 4, 2002 until August 9, 2005.

In her Report, the Magistrate Judge recommends affirming the Commissioner's decision that the plaintiff is disabled beginning August 9, 2005. The Magistrate further suggests that upon remand, the Appeals Council should be directed to remand the case to an ALJ to hold a de novo hearing and issue new decision regarding plaintiff's eligibility for benefits. The ALJ should obtain evidence from a vocational expert ("VE") to clarify the effect of plaintiff's nonexertional limitations on the occupational base and the hypothetical questions to the VE should include all mental restrictions established by the record.

After a careful review of the record and the Magistrate Judge's Report, the court finds the Report provides an accurate summary of the facts in the instant case and that the conclusions are proper. The Magistrate Judge's findings are hereby specifically incorporated herein by reference.

Accordingly, the Commissioner's decision that plaintiff is disabled beginning August 9, 2005 is affirmed. The Commissioner's decision that the plaintiff is not disabled prior to August 9, 2005 is reversed pursuant to sentence four of 42 U.S.C. § 405(g) and is remanded to the Commissioner for further proceedings as stated herein and in the Magistrate Judge's Report. The Clerk shall docket the Commissioner's motion as granted in part.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

March 12, 2009  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge